# William H. Beaver, Trustee for Sarah J. Slear, Appellant, v. George M. Slear.

*Promissory notes—Interest—Husband and wife—Evidence.*

On an issue between the wife's trustee and the husband to determine whether a promissory note from the husband to the wife, payable one day after date, bore interest, a judgment for the husband will be sustained where there is evidence that the husband borrowed the money represented by the note from his wife to use in payment for a farm, and that he and his wife lived together on the farm until her death, and that the wife had frequently declared that she was not to get any interest during her life.

Argued May 10, 1897.    Appeal, No. 189, Jan. T., 1897, by plaintiff, from judgment of C. P. Union Co., Sept. T., 1893, No. 126, on verdict for defendant.  Before Green, Williams, Mitchell, Dean and Fell, JJ.   Affirmed.

Issue to determine whether interest was payable on a promissory note given by a husband to a wife.  Before McClure, P. J.

At the trial it appeared that the note in suit was as follows:

"$1,200.00                              April 2nd, 1876.

"One day after date I promise to pay to the order of Wm. H. Beaver, trustee for Sarah J. Slear, twelve hundred dollars, without defalcation for value received, and I do hereby empower any attorney of any court of record within the United States or elsewhere, to appear for me and confess judgment against me as of any term for above sum; with costs of suit and costs of attorney's commission, and release of all errors; hereby waiving inquisition and agreeing to condemnation of any property that may be levied upon by any execution; which may issue forthwith on failure to comply with the conditions; also hereby waiving the benefit of exemption laws, or any act of assembly relative to executions now in force or hereafter to be passed.

"Witness my hand and seal,    George M. Slear [seal.]"

There was evidence that Mrs. Slear had frequently declared during her lifetime that she was not to get any interest during her life.  It also appeared that the money represented by the note had been borrowed by the defendant to pay on the pur-

chase money of the farm which he had accepted in partition proceedings. It also appeared that the husband and wife had lived together on the farm until her death.

Defendant's point and answer thereto among others were as follows:

3. The undisputed evidence showing that the money for which the note in suit was given was the money of Sarah Jane Slear, the wife of George M. Slear, the defendant, and that this money was borrowed and used by her husband for the purpose of paying part of the purchase money on the farm on which both husband and wife had their home, and upon the income of which they lived, the note in suit does not, standing alone and by itself, establish an agreement on the part of George M. Slear to pay interest on the money of his wife for which the said note was given. *Answer:* This is affirmed, but the note should be taken into consideration by you with all the other evidence in the cause in determining whether or not Mr. Slear was to pay interest. [9]

The court charged the jury in part as follows:

[The plaintiff, I think (where the defendant has proved that the money has been used by the husband in the purchase of a property on which both husband and wife lived), should show by the contract between the parties that interest was to be paid. Now this contract might not be by merely the note itself, but by that in connection with the other testimony in the case; and if you believe that this note was to draw interest during the life of Mrs. Slear, notwithstanding the fact that they lived together as husband and wife on the farm, you will find a verdict in favor of the plaintiff.] [11]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (9, 11) above instructions, quoting them.

*A. W. Potter*, for appellant.—Before the Married Woman's Act of April 11, 1848, when the wife's money came into the husband's possession the law presumed that he received it as a gift; and therefore no relation of debtor and creditor was presumed to exist. Since that act the law presumes he received

it as a loan, and that relations of debtor and creditor between the wife exists; that the wife becomes the creditor of the husband, and enjoys all a creditor's rights: Mellinger's Admr. v. Bausman's Trustee, 45 Pa. 522; Grabill v. Moyer, 45 Pa. 530; May v. May, 62 Pa. 206.

*Joseph C. Bucher*, with him *Andrew A. Leiser*, for appellee, cited on the question of interest: Towers v. Hagner, 3 Wharton, 48; Reber's Est., 143 Pa. 308; May v. May, 62 Pa. 206; Gochenaur's Est., 23 Pa. 460; Wormley's Est., 137 Pa. 101; Kittel's Est., 156 Pa. 445; McGlinsey's App., 14 S. & R. 64; Hauer's Est., 140 Pa. 420; Edwards v. Cheyne, L. R. 13 App. Cas. 385; Williams's App., 47 Pa. 307; Bachman v. Killinger, 55 Pa. 414.

PER CURIAM, July 15, 1897:

While it is true that the note in suit would bear interest from the time of its maturity, and the court so charged the jury, yet it is also true that it did not bear interest on its face. It follows that a question might well arise, without contradicting the terms of the note, whether it was the agreement or intent of the parties that it should not bear interest during the life of the wife. On that question considerable testimony was taken and the learned court below fairly left it to the jury to decide upon all the testimony, including the note itself and the legal intendment arising from it, whether the agreement of the parties was that interest should be paid, or should not be paid, during the life of the wife. The jury has found that it was not to be paid. There was adequate testimony to justify such a finding, and there was no error in submitting the question in that way. It was entirely undisputed that the defendant borrowed the money from his wife to pay on the purchase, or valuation money of a farm which he accepted upon partition proceedings in the orphans' court, and that he and his wife lived together on the farm until her death, using the proceeds of the farm for that purpose. This fact, together with the direct testimony as to the declarations of the wife that she was not to get any interest during her life, was quite sufficient to raise the question submitted to the jury. The assignments of error are not sustained.

Judgment affirmed.